IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * * * * * | |
| VS. | * * * | NO:  4:03CR00153  SWW |
|  | * | NO:  4:08CV00375  SWW |
| GREGORY CALDWELL | * * * | |

**ORDER**

Before the Court is Petitioner Gregory Caldwell's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry #244), the Government's response in opposition (docket entry #250), and Caldwell's reply (docket entry #253).  After careful consideration, the Court finds that the motion should be and hereby is denied as time-barred.

On September 13, 2004, a jury found Caldwell guilty of conspiring to possess with intent to distribute and possession with intent to distribute marijuana and crack cocaine in violation of 21 U.S.C. § 841(a)(1). On December 16, 2004, the late Honorable Judge George Howard, Jr. sentenced Caldwell to 180 months' imprisonment.  Caldwell appealed his conviction, arguing that Judge Howard erred in denying his motions to suppress statements and evidence and allowing the government to amend Count 4 of the indictment at trial.  *United States v. Williams, 429 F.3d 767 (8th Cir. 2005).*  Caldwell did not challenge his sentence on direct appeal.

On November 17, 2005, the Eighth Circuit issued an opinion affirming Judge Howard's

1

rulings regarding Caldwell's motions to suppress but reversing Caldwell's conviction on Count 4. The Court of Appeals held that the failure to allege the elements of the offense set forth in Count 4 of the indictment could not be cured by an amendment, and the Court reversed Caldwell's conviction on that single count. However, the Eighth Circuit affirmed the judgments of conviction with respect to Counts 1, 2, and 3. Caldwell did not file a petition for certiorari.

On remand, Judge Howard vacated Caldwell's conviction on Count 4, reduced the special assessment imposed under the original sentence, and left the 180-month prison term intact. Caldwell filed a *pro se* notice of appeal. The Eighth Circuit concluded that Caldwell's challenge to his convictions and sentence had to be raised in his first appeal and were beyond the scope of the Court's remand. Finding no non-frivolous issues for appeal, the Eighth Circuit affirmed the amended judgment.

On May 1, 2008, Caldwell filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States asserts that Caldwell's motion must be denied as untimely. Caldwell disagrees and argues that the statute of limitations was tolled when he filed a notice of appeal from the amended judgment.

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2255 motions. The limitations period begins to run from the latest of four triggering dates: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the

Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255.

In this case, the Eighth Circuit remanded the case solely for the purpose of vacating Count 4.  Judge Howard's ministerial compliance with the directions on remand did not supply Caldwell a second chance to challenge his convictions or sentence on appeal, and his frivolous appeal did not toll the statute of limitations.  Accordingly, the judgment of conviction became final on February 15, 2006, ninety days after the Eighth Circuit issued its ruling on his direct appeal.  *See Clay v. United States*, 123 S. Ct. 1072, 1076 ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")  Thus, Caldwell had until February 15, 2007 to file a § 2255 motion for post conviction relief, and his present motion, filed on May 1, 2008 is untimely.

For the reasons stated, the motion for relief under 28 U.S.C. § 2255 is hereby DENIED AS UNTIMELY and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 5TH DAY OF AUGUST, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE