**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * * * * * |  |
| VS. | * * * * | NO:  4:03CR00153  SWW |
| GREGORY CALDWELL | * * |  |

## ORDER

Before the Court is Defendant Gregory Caldwell's *pro se* motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1]   After careful review, and for the reasons that follow, the motion is denied.

On September 13, 2004, a jury found Caldwell guilty of conspiracy to possess with intent to distribute less than 50 kilograms of marijuana (Count 1); conspiracy to possess with intent to distribute more than 5 grams of crack cocaine (Count 2); possession with intent to distribute approximately 221.2 grams of marijuana (Count 3); and possession with intent to distribute approximately 19.1 grams of crack cocaine (Count 4).

On December 16, 2004, the late Honorable Judge George Howard, Jr. sentenced

---

[1]*See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

Caldwell to 180 months' imprisonment. At sentencing, Judge Howard explained that he was "going to pursue the statutory approach and the guidelines as an alternative." Dec. 16, 2004 Sent. Tr. at 29. Judge Howard sentenced Caldwell to serve five years' imprisonment on each of Counts 1 and 3, and fifteen years' imprisonment on each of Counts 2 and 4, all sentences to run concurrently. Docket entry #151. When Judge Howard imposed the sentence, he stated:

> Relative to Count 2, I want to point out to you I could sentence you to 40 years on the remaining two counts [Counts 2 and 4], and I think you deserve it. But as I indicated, I'm trying to reach you so that you can take advantage of this great culture. I'm going to give you a break. Instead of giving you 40 years on Count 2[,] I'm going to give you 15 years. Relative to Count 4, 15 years, not 20 years, 15 years.
>
> * * * * *
>
> Now in the alternative, the Court is going to track the sentencing guidelines. The total offense level is 36, the criminal history category is VI. Accordingly, the minimum term of imprisonment under the guidelines would be 324 months, the maximum would be 405 months. I'm going to impose 350 months. This is in the alternative.

Dec. 16, 2004 Sent. Tr. at 20-32.

Caldwell appealed his conviction, not his sentence, arguing that Judge Howard erred in denying his motions to suppress statements and evidence and allowing the government to amend Count 4 of the indictment at trial. *United States v. Williams*, 429 F.3d 767 (8th Cir. 2005). On November 17, 2005, the Eighth Circuit issued an opinion reversing Caldwell's conviction on Count 4. The Court of Appeals held that the failure to allege the elements of the offense set forth in Count 4 of the indictment could not be cured by an amendment, and the Court reversed Caldwell's conviction on that single count. However, the Eighth Circuit affirmed the judgments of conviction with respect to Counts 1, 2, and 3.

On remand, Judge Howard vacated Caldwell's conviction on Count 4, reduced the

special assessment imposed under the original sentence, and left the 180-month prison term intact. Caldwell filed a *pro se* notice of appeal. The Eighth Circuit concluded that Caldwell's challenge to his convictions and sentence had to be raised in his first appeal and were beyond the scope of the Court's remand. Finding no non-frivolous issues for appeal, the Eighth Circuit affirmed the amended judgment.

Now before the Court is Caldwell's *pro se* motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). After careful review, the Court finds that Caldwell is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[2] Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, USSG § 2D1.1, are potentially eligible.

Because Caldwell is serving a statutory sentence, he is not eligible for a sentence reduction under Amendment 706. Furthermore, Caldwell would receive no benefit from recalculation of the alternate guideline sentence. Because Caldwell is a career offender convicted of an offense carrying a statutory maximum of forty years' imprisonment, a recalculated advisory guideline range is 262 to 327 months, based on a criminal offense level of 34 and a criminal history category of VI. *See* USSG § 4B1.1.

Because the determination of Defendant's sentence of imprisonment is unaffected by the retroactive crack cocaine amendment, the motion for a reduction of sentence (docket entry #265) is DENIED.

---

[2]*See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

IT IS SO ORDERED THIS 23RD DAY OF SEPTEMBER, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE