IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * * * | NO:  4:03CR00153-3 SWW |
| VS. | * * * * | NO:  4:08CV00375  SWW |
| GREGORY CALDWELL | * |  |

### ORDER

By order entered August 5, 2008, the court dismissed, as time-barred, Petitioner Gregory Caldwell's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  On August 13, 2008, Caldwell filed a notice of appeal.   The Eighth Circuit denied Caldwell's application for a certificate of appealability, and Caldwell petitioned the United States Supreme Court for a writ of certiorari, which was denied.  Now before the Court is Caldwell's motion for reconsideration (docket entry #288).  After careful consideration, and for reasons that follow, the motion is denied.

The Eighth Circuit has instructed district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to determine whether the movant's allegations amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254.  See *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).  If it is determined that the motion is actually a second or successive habeas petition, it should be dismissed for failure to obtain authorization from the Court of Appeals or, in its discretion, the district court may transfer the purported Rule 60(b) motion to the Court of Appeals. "Depending on which course of action

the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals." *Id.*

In support of his motion for reconsideration, Caldwell reasserts an argument that he presented in his reply in support of his motion under § 2255: that the statute of limitations for filing a motion under § 2255 was tolled when he appealed from the amended judgment in the underlying criminal case. Because Caldwell asks the Court to reconsider a non-merits issue, his motion will not be treated as a successive petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 534, 125 S.Ct. 2641, 2649 (2005)(noting that a motion challenging a non-merits aspect of the first federal habeas proceeding, is not considered a successive habeas petition).

In support of his motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Caldwell merely reasserts arguments previously rejected by this Court. Finding no basis for reconsideration, the motion (docket entry #288) is DENIED.

IT IS SO ORDERED THIS 1ST DAY OF JULY, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE